# Jacob Sandcroft's License.   Jacob Sandcroft's Appeal.

*Liquor laws—Refusal of license—Record—Review.*

Where the record in an application for a liquor license shows that the case was heard, considered and refused by the court for the reason " that there is no necessity for the house to be licensed," and there is nothing else upon the record, the Supreme Court will not assume that the license court acted arbitrarily, or that the reason assigned for its action in refusing the license had no existence in fact.

Argued April 24, 1895.   Appeal, No. 486, Jan. T., 1895, by Jacob Sandcroft, from order of Q. S. Centre Co., refusing a retail liquor license.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for a retail liquor license.

The record showed that the petition was indorsed as follows:

" March 12, 1895, it appearing to the court that there was no necessity for the house to be licensed, the license is refused."

On April 3, 1895, the court filed the following paper:

" The testimony of the applicant and others, showed that the village of Casanova, in Rush township, where the house is located for which the license is applied for, consisted of about thirteen small houses; there are no stores or places of business

therein; that in Clearfield county, just across the Moshannon creek, is the town of Munson, and surrounding the town of Munson there are a number of coal mines in Clearfield county; that the court of Clearfield county granted one hotel license and one restaurant license in the town of Munson, deeming that was all that was necessary.

"It appeared to the court from the testimony and information he received from other sources, that the object of the license applied for at Casanova was largely to supply the people of Munson and the mines with greater hotel bar facilities. The granting of the license was protested against by the superintendent of the Beech Creek Railroad and others. The village of Casanova is right near the railroad station at Munson of the Beech Creek Railroad Company. The court, therefore, under the facts presented in court, and the information possessed by the court, received from reliable sources, refused the license, it appearing that there was no necessity for the same."

*Error assigned* was above order, quoting it.

*Wilbur F. Reeder, George W. Zeigler* with him, for appellant, cited, Johnson's License, 156 Pa. 322; Kelminski License, 164 Pa. 231; Mead's License, 161 Pa. 377.

No paper-book filed or argument offered for appellee.

PER CURIAM, May 6, 1895:

It is conceded that appellant's application for a retail liquor license was heard, considered and refused by the court for the reason "that there is no necessity for the house to be licensed." The fact of the refusal and the reason therefor, above quoted, are both recited in the assignment of error.

In the absence of anything on the record to justify us in so doing, we have no right to assume that the court acted arbitrarily, or that the reason assigned for its action in refusing appellant a license had no existence in fact.

Decree affirmed and appeal dismissed with costs to be paid by appellant.